UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GREGORY BENTON,

        Plaintiff,

    v.

JOHN DOE 1, in his individual and official capacity; and JOHN DOE 2, in his individual and official capacity,

        Defendants.

Case No. 3:13-cv-613-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Plaintiff, Gregory Benton ("Benton"), has filed a Complaint alleging a claim for damages under 42 USC § 1983 against two John Does, identified as security officers working for Legacy Emanuel Medical Center (Hospital). Defendants allegedly violated Benton's civil rights in August 2012 by severely injuring him during his forcible removal from the Hospital premises. For the reasons set forth below, the Complaint should be dismissed for lack of jurisdiction.

## STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for

1 - FINDINGS AND RECOMMENDATIONS

lack of jurisdiction."). Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 883. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## **FINDINGS**

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within

2 - FINDINGS AND RECOMMENDATIONS

the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992).

Jurisdiction may be based on a federal question which requires the plaintiff to plead that a defendant has violated a federal law or provision of the United States Constitution. 28 USC § 1331. Alternatively, jurisdiction may be based on diversity which requires that all parties to an action be "citizens of different states" and that the amount in controversy exceed $75,000.00. 28 USC § 1332(a). A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir 2001).

Benton asserts that this court has federal question jurisdiction under 28 USC § 1331. In particular, he alleges a violation of 42 USC § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

However, he fails to identify any violation by either of the defendants of any specific provision of the Constitution, laws or treaties of the United States. Instead, he alleges only that he is "a Black man" (Complaint, ¶ 3) and that defendants caused him severe injuries without provocation. Given his race, Benton may be asserting that defendants violated his right to equal protection under the United States Constitution. However, even if he alleged such a violation, he does not state a claim against either defendant over which this court has jurisdiction.

A claim under 42 UCC § 1983 can be stated only against a person acting "under color" of state law and precludes a claim against private parties. Benton alleges that both John Does work as security officers for a hospital. As such, they are private parties and not employees of any governmental entity. Thus, neither defendant was acting "under color" of state law nor can be

3 - FINDINGS AND RECOMMENDATIONS

held liable under § 1983 absent evidence that the defendant conspired with state officials to deprive Benton of a federal right. *See Kimes v. Stone*, 84 F3d 1121, 1126 (9th Cir 1996). No such conspiracy is alleged. Thus, Benton has not stated and cannot state any viable claim for violation of § 1983 against either defendant.

Benton also seeks to invoke supplemental jurisdiction under 28 USC § 1367 to redress his "state tort claims based on same operative facts." Complaint, ¶ 2. Benton may well have a viable tort claim against the defendants under state law. However, supplemental jurisdiction requires that this court first have either federal question or diversity jurisdiction. As discussed above, this court has no federal question jurisdiction. If both defendants are domiciled in states other than Benton (who resides – and presumably is domiciled – in Oregon), then this court may have diversity jurisdiction. However, he does not allege where either of the John Doe defendants are domiciled and likely will be unable to do so until he has identified them.[1]

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *Akhtar v. Mesa*, 698 F3d 1202, 1213 (9th Cir 2012). Although this court has no federal question jurisdiction, Benton may be able to invoke diversity jurisdiction if he amends to name the two security officers and alleges that both are domiciled in states other than Oregon. However, if either of the security officers is a citizen of Oregon, then this court has no diversity jurisdiction, and Benton must file his claims in state court.

///

///

---

[1] Pursuant to FRCP 4(m), a defendant must be served within 120 days after the complaint is filed unless, based on good cause, the court extends the time for service. Therefore, a plaintiff should attempt to identify and seek to amend the name of a John Doe defendant as soon as possible.

4 - FINDINGS AND RECOMMENDATIONS

## RECOMMENDATION

For the reasons set forth above, the Complaint should be DISMISSED for lack of jurisdiction without prejudice and with an opportunity to file an amended Complaint alleging a basis, if any, for diversity jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, May 06, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a final Judgment.

DATED April 19, 2013.

s/ Janice M. Stewart

Janice M. Stewart
United States Magistrate Judge
