UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GREGORY BENTON,

        Plaintiff,

v.

LEGACY HEALTH,

        Defendant.

Case No. 3:13-CV-00613-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    In cross-motions, defendant Legacy Health ("Legacy") moves to dismiss this case for lack of subject matter jurisdiction or, alternatively to disqualify plaintiff Gregory Benton ("Benton") from the court's *pro bono* program, and Benton seeks to have this court appoint a new *pro bono* attorney to assist him in taking this case to trial. For the reasons that follow, Legacy's motion to dismiss is denied, its alternative motion is granted, and Benton's request for appointment of *pro bono* counsel is denied.[1]

///

///

///

---

[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c). ECF #138.

I.   **Motion to Dismiss for Lack of Jurisdiction**

   A.   **Procedural Background**

Benton, proceeding *pro se*, filed this case nearly five years ago. In his First Amended Complaint (ECF #12), and again in his Second Amended Complaint (ECF #39), Benton included claims against Legacy security guards under the Americans with Disabilities Act ("ADA") and against Portland Police Officer Christopher McDonald ("Officer McDonald") under 42 USC § 1983. He asserted federal question jurisdiction based on those claims. He also alleged a battery claim against Legacy under state law and asserted supplemental jurisdiction over that claim.

The ADA claim was premised upon Benton's contention that a Legacy security guard refused to assist him in making a phone call to arrange transportation to leave the hospital. The battery claim was premised upon the conduct of Legacy security guards in attempting to remove Benton from Legacy property. The § 1983 claim was against Officer McDonald, the Portland police officer who responded to the scene and allegedly threw Benton to the ground when Benton stood up and started to leave while Officer McDonald was talking to Legacy's security guards.

After several preliminary scheduling conferences, followed by a stay, this case was reopened and the court appointed *pro bono* counsel to assist Benton (ECF #77) in June 2016. Nearly a year later, and with the assistance of *pro bono* counsel, Benton filed a Third Amended Complaint (ECF #106), which eliminated the ADA claim and left only a battery claim against Legacy's security guards and the § 1983 claim against Officer McDonald. Legacy responded to the Third Amended Complaint by filing three counterclaims against Benton for abuse of process, wrongful initiation of civil proceedings, and fraud. Legacy Health's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Third Amended Complaint ("Legacy's Answer") 9-14

(ECF #108). This court dismissed Legacy's counterclaims on October 12, 2017. Findings and Recommendations (August 11, 2017), ECF #128, adopted by Order (October 12, 2017), ECF #139.

On December 12, 2017, this court granted Officer McDonald's Motion for Summary Judgment, leaving for trial only Benton's battery claim.

B. **Discretionary Dismissal Under 28 USC § 1367(c)**

Legacy contends that this case should be dismissed for lack of subject matter jurisdiction because there are no remaining federal claims. Legacy has always denied that the battery claim against its security guards is premised on the same operative facts as the § 1983 claim against Officer McDonald and that this court lacks supplemental jurisdiction. Answer 2, ECF #108.

Federal courts have supplemental jurisdiction over state law claims that are "so related" to the claims over which the court has original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 USC § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citations omitted).

This court has no difficulty concluding that the state law claim against Legacy shares a common nucleus of operative fact with the § 1983 claim that Benton alleged against Officer McDonald. Officer McDonald responded to the scene and was in the process of investigating the encounter between Benton and Legacy's security guards when the encounter that formed the basis for the § 1983 claim against Officer McDonald took place. Essentially, it was a continuation of the same encounter involving an alleged trespass by Benton on Legacy property. The facts of the encounter with Officer McDonald could not be told without discussing the

encounter with Legacy's security guards, given that Benton had been placed in handcuffs by Legacy's security guards and remained in handcuffs during the encounter with Officer McDonald.

Legacy insists that the ADA claim was baseless and the § 1983 claim was frivolous, and urges this court to decline to exercise its supplemental jurisdiction and dismiss this case. This court has discretion to decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 USC § 1367(c)(3). Legacy contends that this court should decline to exercise its supplemental jurisdiction because, when it granted Officer McDonald's motion for summary judgment, it dismissed the only claim over which it had original jurisdiction. Legacy also strenuously argues that Benton has perpetrated a fraud for years and wasted countless judicial resources in doing so.[2]

However, it is not this court's role to decide the facts surrounding Benton's battery claim. This court's role is to engage in a pragmatic and case-specific evaluation to discern whether the values of economy, convenience, fairness, and comity would be best served by declining to exercise supplemental jurisdiction. *Pure Wafer Inc. v. City of Prescott*, 845 F.3d 943, 960 (9th Cir. 2017) (citations omitted).

---

[2] According to Legacy, the two federal claims were premised on the false representation that Legacy's employees refused to help Benton make a phone call and a false representation about the force Officer McDonald used in stopping Benton from leaving the scene. Legacy also contends that Benton's single remaining claim is based on blatant fabrications by Benton that Legacy's security guards used violent wrestling moves to subdue Benton and place him in handcuffs. In support, Legacy cites what it contends is dishonest and scheming conduct predating the encounter with Legacy's security guards that proves Benton hatched a plan to sue Legacy. Legacy also cites the testimony of the paramedics who examined Benton at the scene, as well as the lack of entries in the hospital stay following immediately on the heels of the encounter that forms the basis of this case. Because neither the paramedics nor the hospital staff documented any evidence of head trauma, and because the only entries in the relevant records indicate that the persons who examined Benton believed the issue was either behavioral or psychological, Legacy contends Benton's claim of battery fails and is simply part and parcel of his planned scheme to sue Legacy.

This court has carefully considered Legacy's arguments and Benton's letter response, as well as the complete litigation history of this case. The court notes this case has been pending for nearly five years and, with the assistance of prior *pro bono* counsel, discovery has been completed. The case is ready for trial on a single claim for battery. Thus, the better course, both for the parties and for the judicial systems of this state (both federal and state) is for this court to exercise its discretion and retain this case for trial. Any other course of action would merely shift the burden of restarting the same litigation to the state court system, and require that court system to become familiar with a case that has already been developed and is nearly concluded in federal court.

## II. Request for *Pro Bono* Counsel

In response to Legacy's motion and the recent withdrawal of the latest *pro bono* counsel, Benton filed a Motion for Pro Bono Representation (ECF #156). In a letter submitted with his motion, Benton denies Legacy's allegations, and asserts that he requires the assistance of an attorney to proceed to trial.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009). However, in its discretion, the court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id.* In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986)).

Benton had the assistance of *pro bono* counsel from May 8, 2015 (ECF #60), until June 9, 2016 (ECF #75), while his case was stayed. He again had *pro bono* counsel from June 20, 2016 (ECF #79), until January 22, 2018 (ECF #152), during which time his attorney assisted him in amending his pleadings, engaging in discovery (including multiple depositions), and presenting and defending dispositive motions. His latest *pro bono* attorney filed a motion to withdraw on January 10, 2018 (ECF #149), which was granted after a hearing on January 22, 2018 (ECF #152).

This court is not convinced that this is one of those "exceptional circumstances" for which the court should appoint counsel. The sole remaining claim for trial is battery, and the trial will revolve around the truth or falsity of Benton's allegations regarding what transpired during a single brief encounter when security guards attempted to remove Benton from Legacy property. Legacy has proffered evidence pertaining to Benton's likelihood of succeeding on the merits—in particular, the lack of medical evidence to corroborate his injuries and testimony showing Benton had a scheme to sue Legacy. Moreover, as evidenced both by his success in initially pursuing this case *pro se*, and by his recent response to the pending motion, Benton is capable of articulating his position and objecting when necessary to protect his interests.

Other developments in this case also convince the court that requesting another attorney to accept *pro bono* appointment will place that attorney in an untenable position. The record reveals that Legacy contacted Benton's previous *pro bono* attorney, threatening to move for sanctions against both Benton and his *pro bono* attorney based on the evidence it has adduced. This prompted Benton's attorney to seek withdrawal. In the event this court were to find another attorney willing to accept appointment, there is every reason to believe that this case could and would successively end up right back in the same posture it is in today, with Benton

unrepresented due to withdrawal of the newly-appointed *pro bono* attorney. This would constitute a serious misuse of the court's *pro bono* program, especially in a case such as this where the issues left for trial are so straightforward.

## ORDER

For the reasons stated above, defendant's motion to dismiss for lack of subject matter jurisdiction (ECF #153) is DENIED, defendant's alternative motion to disqualify plaintiff from the *pro bono* program (ECF #153) is GRANTED, and plaintiff's motion for *pro bono* representation (ECF #156) is DENIED.

IT IS SO ORDERED.

Dated this 5th day of March, 2018.

    _/s/Youlee Yim You
    Youlee Yim You
    United States Magistrate Judge